JAMES M. BARRETT      SBN 190274
LAW OFFICE OF JAMES M. BARRETT
789 CASTRO STREET
Mountain View, CA 94041
Telephone (650) 969-3687
Facsimile (650) 969-3699
Email Jb@jamesbarrettlaw.com
Attorney for Plaintiff Colonial Stock Transfer

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONIAL STOCK TRANSFER<br>    Plaintiff,<br><br>    vs.<br><br>GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation and DOES 1-50<br>    Defendants. | Case No.:<br><br>ADMINISTRATIVE MOTION OF PLAINTIFF COLONIAL STOCK TRANSFER TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br>[N.D. Cal. Civ. L. R. 3-12, 7-11] |
| CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation,<br>Plaintiff,<br>v.<br>GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; JOHN P. GORST, an individual; MARK H. LEVIN, an individual; and DOES 1 through 50, inclusive,<br>Defendants.<br><br>GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; JOHN P. GORST, an individual; and MARK H. LEVIN, an individual,<br>Counter-Claimants,<br>v.<br>CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation,; DEVIN BOSCH, an individual; and ROES 1-50, inclusive, Counter-Defendants. | Case No.: *C-07-03632-EMC* |

COLONIAL COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to N.D. Cal. Civil Local Rules 3-12 and 7-11, Defendant **Colonial Stock Transfer** ("COLONIAL") hereby files this Administrative Motion to Consider Whether Cases should be Related specifically, to consider whether the cases of *Capital Group Communications, Inc. v. Gottaplay Interactive, inc. et. al.* and *Gottaplay Interactive, inc. et. al. v. Capital Group Communications, Inc. Case No.: C-07-03632-EMC* (the CGC case) should be related to this case (the "Colonial Case").

## I. ACTION REQUESTED.

An order pursuant to Civil Local Rule 3-12 relating *CGC to Colonial.*

## II. REASONS SUPPORTING THE REQUEST.

Civil Local Rule 3-12 provides the applicable standard: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

*CGC* is related to *Colonial* because they involve substantially the same parties, transactions and events. *See* Civ. L.R. 3-12(a)(1). If the cases are conducted before different judges, there will be a burdensome duplication of labor and expense, as well as potential for conflicting results. *See* Civ. L.R. 3-12(a)(2).

**A. *CGC* and *Colonial* involve substantially the same parties and events.**

**1. Titles and case numbers.**

- COLONIAL STOCK TRANSFER Plaintiff, vs. GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation and DOES 1-50, inclusive.

- CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation, Plaintiff, v. GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; JOHN P. GORST, an individual; MARK H. LEVIN, an individual; and DOES 1 through 50, inclusive, Defendants. *Case No.: C-07-03632-EMC*

- GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; JOHN P. GORST, an individual; and MARK H. LEVIN, an individual, Counter-Claimants, v. CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation,; DEVIN BOSCH, an individual; and ROES 1-50, inclusive, Counter-Defendants. *Case No.: C-07-03632-EMC*

**2.** *CGC* **and** *Colonial* **involve the same parties.**

The named plaintiffs and defendants in *CGC* case are defendants in *Colonial* Case.

**3.** *CGC* **and** *Colonial* **involve the same transactions and events.**

*Colonial* is an interpleader complaint as a Stock Transfer Agent who holds two million shares of Gottaplay transferred to CGC ("Disputed Shares"). *Gottaplay* and *CGC* have filed complaint and counter-claim for the ownership of these Disputed Shares.

*Colonial* in its interpleader complaint is requesting the court that any and all Defendants be restrained from instituting any action against *Colonial* for recovery of Disputed Shares being interplead with the Court; that *Colonial* be discharged from any and all liability with regard to claims to the interpleaded Disputed Shares; that the Defendants be required to resolve the claims to the interpleaded Disputed Shares amongst themselves through this proceeding and determine the rightful owner of the Disputed Shares.

In short, both cases involve substantially the same alleged transactions and events.

///

**B. Relating CGC to Colonial will conserve judicial resources and avoid inconsistent results; Colonial to be heard by the same judge as CGC makes sense as the facts will not have to be reiterated.**

CGC is already been assigned to the Honorable Magistrate Edward M. Chen and it makes more sense that Colonial's interpleader complaint should be assigned to same Magistrate.

### III.  CONCLUSION

As both CGC and Colonial concern substantially the same parties, transactions and events, and relating them will avoid the waste of resources and prevent inconsistent results.  For the foregoing reasons, Colonial requests that Colonial be related to CGC pursuant to Civil L. R. 3-12.

**DATE: 8.28.07**                              The Law Office of JAMES M. BARRETT

                                         /…James M. Barrett
**JAMES M. BARRETT**
**Attorney for Plaintiff Colonial Stock Transfer**

**DECLARATION PURSUANT TO CIVIL L.R. 7-11(a)**

I, James M. Barrett, declare:

1. I am a member of the bar of this Court and attorney at law, The Law Office of James M. Barrett. I am attorney of record for the named plaintiff Colonial Stock Transfer case. I make this declaration in support of Colonial's Administrative Motion to Consider Whether Cases Should Be Related ("Administrative Motion"). I have personal knowledge of the facts stated herein and, if called as witness, I could and would competently testify thereto.

2. As described in the foregoing Administrative Motion, both CGC and Gottaplay are disputing the ownership of the shares held by Colonial as Stock Transfer Agent. In light of this fact, I do not believe that a stipulation could be reached with CGC and Gottaplay that would obviate this Administrative Motion.

I declare under penalty of perjury that the foregoing is true and correct.   Executed this 28th day of August, 2007, at Mountain View, California.

_____
James M. Barrett

# CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of August 2007, the foregoing document entitled Administrative Motion of Plaintiff Colonial Stock Transfer To Consider Whether Cases Should Be Related was served on the following via ECF filing for the Northern District:

| | |
|---|---|
| Michael F. Donner Esq. | John R. Mayer, Esq. |
| Stein & Lubin LLP | John Mayer APLC |
| 600 Montgomery Street, 14th Floor | 2550 Fifth Avenue, Suite 520 |
| San Francisco, CA 94111 | San Diego, CA 92103 |

LAW OFFICE OF JAMES M. BARRETT

_____/…James M. Barrett…/_____

JAMES M. BARRETT
**Attorney for Plaintiff Colonial Stock Transfer**