# EXHIBIT K

**WILLIAM M. AUL**
ATTORNEY AT LAW
7676 HAZARD CENTER DRIVE
SUITE 500
SAN DIEGO, CALIFORNIA 92108

TELEPHONE (619) 497-2555
FAX (619) 542-0555

August 14, 2007
*Remitted Via Federal Express*

Ms. Kathy G. Carter
Colonial Stock Transfer
66 Exchange Place, Suite 100
Salt Lake City, Utah 84111

   RE: Gottaplay Interactive, Inc.;
     R/N/O - Capital Group Communications, Inc.;
     Certificate Nos. 1064 (2,000,000 Shares);
     Public Re-Sale of Restricted Stock; Opinion;
     Application of Rule 144; *Securities Act of 1933*

Dear Ms. Carter:

  The undersigned is counsel to Capital Group Communications, Inc. (the "Seller") which holds shares of the common stock (par value $0.001) of Gottaplay Interactive, Inc., a Nevada corporation (the "Company"). The Seller seeks to effect a proposed public resale of certain of these shares.

  I hereby offer my opinion with respect to the request of the Seller to transfer and to have the restrictive legend removed from 311,011 shares (the "Shares") of the Company's Common Stock held and owned by the Seller as represented by stock certificate number 1064 (which represents 2,000,000 shares).

  The public resale of 311,011 Shares is to be without registration under the *Securities Act of 1933* (the "1933 Act") in reliance upon the exemption therefrom contained in Section 4(1) of that Act and Rule 144 promulgated by the Securities and Exchange Commission (the "Commission") thereunder.

*Review of Underlying Facts*

  The Seller has provided me with documents giving assurances that it acquired the Shares from the Company on July 25, 2006 as compensation for services rendered pursuant to an agreement between the Company and the Seller. I also understand that the Seller has held the Shares continuously since the Shares were acquired and the stock certificate number 1064 bears a restricted securities legend in accordance with the Securities Act of 1933 (the "1933 Act"). As a result I am of the decided opinion that the Shares were fully paid for, validly issued, and are non-assessable.

Page Two  
Colonial Stock Transfer, Inc.  
August 14, 2007

Gottaplay Interactive, Inc.  
Matter of Rule 144 & Opinion of Counsel

*Application of Rule 144*

Rule 144 was adopted by the Securities and Exchange Commission (the "Commission") as a non-exclusive safe-harbor to the statutory exemption provided by Section 4(1) of the 1933 Act.

To meet the requirements of Rule 144, a seller of restricted securities must be able to demonstrate that it has fully complied with each and every requirement set forth in the Rule.

Overall, Rule 144 permits the resale of restricted securities if all of the conditions of the Rule are met. Among those conditions are: (i) that the issuer be current in its filings with the Commission; (ii) that all restricted securities sold pursuant to the Rule be beneficially owned for a period of at least one year; (iii) that, subject to certain exceptions, the number of Shares being sold not exceed one percent of the outstanding Shares of that class; (iv) that the sale of such Shares be effected in non-solicited transactions (paragraphs (f) and (g) of the Rule); and (v) that the Seller file with the Commission a notice of proposed sale on Form 144 with respect to his proposed sale.

First, I note that the Company's common stock is registered under Section 12(g) of the Securities Exchange Act of 1934 (the "1934 Act"). In that connection I also note that the Company does not appear delinquent in meeting its periodic filing obligations under Section 13 of the 1934 Act. On this basis and after reviewing the requirements of Rule 144, I am of the opinion that the Company has satisfied the "current public information" requirements of Rule 144(c).

Second, the Seller has assured me that it has held the Shares for a period in excess of one (1) year from the date at which the Shares were acquired and the date at which all consideration was given to the Company. As a result, the Shares were fully paid for, validly issued, and are non-assessable and the Seller has satisfied the holding period requirements set forth in Rule 144(d).

Third, the Seller has also assured me that it has not sold any other Shares during the preceding three month period. Further, given that the Company has 31,101,170 shares outstanding, the proposed public resale of the shares will not be in excess of the maximum allowed under the volume limitations of Rule 144(e). Thus the requirements of Rule 144(e) have been satisfied.

Fourth, I have received a written representation from the Seller to the effect that its sale complied with the requirements of paragraphs (f) and (g) of Rule 144 of Rule 144. Further, I have received a written assurance from the broker that the sale was effected in a "broker's transaction" also in conformity with paragraphs (f) and (g) of the Rule.

Fifth, I have received a copy of the Form 144 which, I understand, the Seller has filed with two counterpart copies with the Commission on a timely basis. This will serve to satisfy Rule 144(h).

Sixth, I have been assured by the Seller that it has a *bonafide* intention to sell the Shares. This serves to fully satisfy the requirements of Rule 144(i).

Page Three  
Colonial Stock Transfer, Inc.  
August 14, 2007

Gottaplay Interactive, Inc.  
Matter of Rule 144 & Opinion of Counsel

### *Opinion*

Based upon the foregoing and relying upon the accuracy of the information and documents provided, it is my opinion that the subject sale of the 311,011 Shares of the Company's Common Stock by the Seller is exempt from the registration provisions of the 1933 Act by reason of Rule 144 issued thereunder and provided that you receive instructions from the Seller's broker that are consistent with this opinion letter, please take the following action without delay:

(A)    Issue the new share certificate for 311,011 Shares free of the restricted legend; and

(B)    Issue a second new certificate, representing 1,688,989 Shares, with a restricted securities legend.

Time is of the essence and we understand that you are aware that my client has earned and held the Shares for the required holding period set forth in Rule 144(d). Any undue delay will cause injury and loss to the Seller.

I understand that the Seller has delivered the certificate representing the above Shares to your office or that the certificate will be delivered shortly.

On behalf of the Seller, I wish to express my appreciation for your assistance.

Sincerely,

William M. Aul

WMA: mds  
cc: file