MICHAEL F. DONNER (SBN 155944)
JONATHAN E. SOMMER (SBN 209179)
STEIN & LUBIN LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:    (415) 981-0550
Facsimile:    (415) 981-4343
mdonner@steinlubin.com
jsommer@steinlubin.com

Attorneys for Plaintiff
CAPITAL GROUP COMMUNICATIONS, INC.,
a California corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPITAL GROUP COMMUNICATIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOTTAPLAY INTERACTIVE, INC., a Nevada corporation; JOHN P. GORST, an individual; MARK H. LEVIN, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C-07-3632-EMC<br><br>Related Case No. C-07-4470 EMC<br><br>**REPLY DECLARATION OF RICHARD CARPENTER IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:       October 24, 2007<br>Time:       3:00 p.m.<br>Judge:      Hon. Edward M. Chen<br>Location:   15th Floor, Courtroom C |

Case No. C-07-3632-EMC

REPLY DECLARATION OF RICHARD CARPENTER

I, RICHARD CARPENTER, declare:

1. I am an associate of Capital Group Communications ("Capital Group"), the plaintiff in the above-entitled matter. I have personal knowledge of the facts stated in this declaration and could and would competently testify thereto if called as a witness in any proceeding in this action.

2. I worked regularly with Gottaplay Interactive, Inc. ("Gottaplay") in performing investor relations services. I devoted extensive time to contacting financial professionals; however, in doing so, I never attempted to sell Gottaplay stock or other securities and never offered to negotiate any such actual or attempted sales. What I did do was inform financial professionals about Gottaplay's basic corporate profile that John Gorst created with Capital Group's input and approved, such as its line of business, basic financial data and the like. I would refer only to public information, and these conversations were generally brief. The main objective of a microcap company like Gottaplay is simply to get its "story" out into the financial world, and this is what Capital Group does. Capital Group does not go beyond that and perform activities such as raising capital, negotiating securities sales or anything else.

3. In paragraph 25 of Mr. Gorst's declaration, he states that I told him that I would "negotiate with Brookstreet [Securities] to assure that Gottaplay would receive a fair price for its securities." Mr. Gorst's statement is false. I never offered to negotiate the price of a security, whether in regard to Brookstreet Securities or anybody else (in fact, I do not recall ever speaking with Brookstreet Securities about Gottaplay). Moreover, that is not something that Capital Group does, and I would have no idea how to do it. I do not know what such a "fair price" would be or how to determine it. Any such decisions about how to price a security were the responsibility of Gottaplay, not Capital Group.

4. Mr. Gorst claims that I urged The Shemano Group, Inc. to raise capital and that I likewise urged Source Capital to raise capital for Gottaplay. That is false. As with other financial professionals, I informed them of Gottaplay's story, and that alone. I was involved in an initial introduction, and that alone (and the same is true for Stonegate Securities). Any follow-up was the responsibility of Gottaplay.

5.  Gottaplay never informed me, or anyone else at Capital Group, of any termination of the Consulting Agreement between Capital Group and Gottaplay dated July 25, 2006 (the "Consulting Agreement") on or around February 22, 2007. I continued working regularly for Gottaplay after this time. I was listed on a March 26, 2007 press release issued by Gottaplay as a contact for investor relations precisely because I, and others at Capital Group, continued to work for Gottaplay. I actually received calls from persons who had read such press releases and contacted me because my Capital Group was listed on the press release. Attached as Exhibit A is an email from me to Mr. Gorst dated March 20, 2007, which shows that we were still in contact after February 22, 2007, without any mention of any termination.

6.  Gottaplay, including Mr. Gorst, never complained to me about any unsatisfactory performance by Capital Group, nor am I aware of any such complaints being made to anyone else at Capital Group, prior to Gottaplay's effort in April 2007 to take back half of Capital Group's shares. He mentioned once in March 2007 that he wished the share price was higher, but he did not attribute the share price to anything Capital Group had done.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2007.

/s/ Richard Carpenter
Richard Carpenter

I hereby attest that I have on file the original signature for the signature indicated above by a "conformed" signature (/S/) within this efiled document.

/s/ Jonathan Sommer
Jonathan Sommer

16010002/357298v1

2                                                          Case No. C-04-434563

REPLY DECLARATION OF RICHARD CARPENTER